UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Eduardo Ramirez Coyotecalt, et al.,

                Plaintiffs,

-against-

23rd & 9th Restaurant Corp., et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/02/2024

1:23-cv-03614 (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    Because this case contains claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), pending before the Court are submissions filed by the parties seeking approval of the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) ("*Cheeks*"). (*Cheeks* Letter, ECF No. 63, and with the exhibits, the "*Cheeks* Submission".)

    On August 24, 2023, the parties filed a Proposed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. (ECF No. 21.) On August 24, 2023, District Judge Vyskocil issued an Order on the parties' consent referring disposition of this matter to the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (8/24/23 Order, ECF No. 22.)

    On February 23, 2024, it was reported to the Court by the Mediator that the "court-ordered mediation in this case was held and agreement was reached on all issues[.]" (2/23/24 Final Report of Mediator No. 1, ECF No. 59.) Based on such information from the Mediator, the Court issued an Order of Dismissal to dismiss this action accordingly. (2/26/24 Order of Dismissal, ECF No. 60.)

On February 26, 2024, the parties filed a joint letter motion apprising the Court that they reached a settlement on all grounds and requested that the Court reopen the case to file such settlement agreement for the Court's approval pursuant to *Cheeks*. (Pl.'s 2/26/24 Ltr., ECF No. 61.) That same day, the Court granted the joint letter motion and directed the parties to provide a copy of the settlement agreement to the Court together with a letter explaining why the settlement, including any provision for attorney's fees and costs, is fair, reasonable and adequate under *Cheeks* no later than March 27, 2024. (2/26/24 Order, ECF No. 62.)

On March 27, 2024, the parties filed their *Cheeks* Submission, which consisted of a letter (*Cheeks* Letter, ECF No. 63), the settlement agreement (ECF No. 63-1), the incurred attorneys' fees (ECF No. 63-2), a damages chart (ECF No. 63-3) and copies of the retainer agreements (ECF No. 63-4). That same day, Plaintiffs informed the Court that there was a typographical error in the Settlement Agreement with respect to the "Confession of Judgment" and apprised the Court that a revised settlement agreement would be filed on the ECF docket by March 28, 2024. (Pl.'s 3/27/24 Ltr., ECF No. 64.) On March 29, 2024, counsel for Plaintiffs indicated that the outstanding confessions of judgment, to be considered with the *Cheeks* Submission, would not be filed until the following week. (Pls.' 3/29/24 Ltr., No. 65.) On April 1, 2024, the parties filed the Plaintiffs' respective confessions of judgment. (*See* 4/1/24 Ltr., ECF No. 66; Confessions of Judgment, ECF No. 66-1.)

Having reviewed the *Cheeks* Submission, the Court finds that it is fair and reasonable. *See Cheeks*, 796 F.3d at 206; *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The settlement is approved.

While the settlement agreement does provide a release and covenant for Plaintiffs not to sue Defendants and "any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers[,]" it is limited "to wage and hour allegations which putatively arose during the time frame that was the subject of the Litigation." (ECF No. 63-1 at 3.) The release provision does capture any "wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent." (*Id.*) While the settlement agreement does include this release, the Court finds that it is reasonable since it is limited in scope (in terms of timeframe and nature of claims) in lieu of being a general release. *See Flores-Mendieta v. Bitefood Ltd.*, No. 15-CV-04997 (AJN), 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016) (quoting Cheeks, 796 F.3d at 206) ("A FLSA settlement cannot offer the defendant a sweeping release from liability that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"). For these reasons, the Court is satisfied that the release, as written, is narrowly tailored sufficiently.

Plaintiffs additionally seek approval of $33,601.33 in attorney's fees and costs from the settlement fund, which is one-third of the total settlement amount (in accordance with the retainer agreement and approximately 4.36 times Plaintiff's counsel's loadstar of $7,680.00). (*See Cheeks* Letter at 2; s*ee also* ECF Nos. 62-2, 62-4.) Courts in this Circuit typically approve attorneys' fees in the amount of one-third of the total recovery. *See*, *e.g.*, *Ramos v. DNC Food Serv. Corp.*, No. 19-CV-02967 (VSB), 2022 WL 576300, at *2 (S.D.N.Y. Feb. 25, 2022) (citing cases).

"Additionally, courts regularly award lodestar multipliers from two to six times lodestar." *Id.* (internal alterations and quotations omitted).

In line with that precedent, the Court finds that the requested attorneys' fees are fair and reasonable. In reaching this conclusion, the Court makes no findings with respect to the reasonableness of counsel's hourly rates.

NOW, THEREFORE, it is hereby ORDERED that this action is DISMISSED WITH PREJUDICE and without costs except as may be stated in the settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:   New York, New York
         April 2, 2024

_____
STEWART D. AARON
United States Magistrate Judge